**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3699
_____

ANDRE JACOBS,
                    Appellant

v.

DISTRICT ATTORNEY LUZERNE COUNTY; JEFFREY A. BEARD; OFFICE OF
PROFESSIONAL RESPONSIBILITY; JAMES BARNACLE; ROBERT BITNER;
KRISTEN P. REISINGER; SHARON M. BURKS; DORINA VARNER; BRIAN
COLEMAN; DAVID LINK; GARY ABRAMS; CAPT. LEGGETT; MIKE ZAKEN;
U.M. HUGHES; DEP. GATES; GARY GALLUCCI; PSYCHOLOGIST LACKEY;
DARLENE LINDERMAN; SGT. SCHOMPERT; LT. TIFT; LT. BERRIER; LT.
VOJACEK; CAPT. TREMPUS; MARY ANN KUSHNER; RHONDA HOUSE;
CHRISTOPHER MEYERS; KERRI CROSS; C/O SCOLES; C/O COLLINS; C/O
ANKROM; C/O KELLER; C/O STROTMAN; C/O MILLER; KEVIN MISKELL; LT.
PATTERSON; NICOLE KLEM; ROBIN LUCAS; GARY DAVIS; SUPT. MICHAEL
KLOPOTOSKI; SGT. BUCK; DEP. VINCENT MOONEY; SUPT. WALSH; SGT.
RANSOM; LT. BLEICH; LT. MOSIER; LT. MARTIN; DR. JESSE; NANCY FEDOR;
COUNSELOR KELLER; PRISON HEALTH SERVICES; THOMAS LESKOWSKY;
DAVID POPEK; CAPT. ZAKARAUSKAS; BOHINSKI; ATTORNEY GENERAL
PENNSYLVANIA; GOVERNOR OF PENNSYLVANIA; MHM; MCKEOWN; NURSE
PATTY; C/O KOVAC; C/O WALTERS; C/O WILK; C/O HARRISON; C/O ELMORE;
C/O ROBOWLESKI; C/O PUDLOSKY; C/O MCCOY; C/O WILDS; C/O RUDASKI;
KANDIS DASCANI, a/k/a Kandis Daslani; SUPT. DAVID VARANO; DEP. SUPT.
MCMILLAN; LT. FAUST; CAPT. G. MILLER; LT. RUDON; SGT. YOUNG; PA
RYAN DAVIS; KATHRYN MCCARTHY; LT. EVELAND, CAPT. LT.; CAPT.
BAUMBACH; SGT. MARTINA; SGT. ERDLY; PSYCHIATRIST LASKI; LT.
STETLER; PSYCHOLOGIST MS. STEVENS; CHARLENE SCHUSTER, Psychiatrist;
C/O HOWAL; C/O DRUCIS; C/O EMERICH; C/O BELLES; C/O KNARR; C/O
PIEPSZOWSKI; COURT; C/O GOODWIN; C/O LEONARD; C/O KAUFFMAN;
SHIRLEY R. MOORE SMEAL; SUPT. LAWLER; CONNIE GREEN; KELLER;
GARMAN B. CORBIN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-02622)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 5, 2016
Before:  AMBRO, GREENAWAY, JR. and GARTH, Circuit Judges

(Opinion filed: August 12, 2016)
_____

OPINION[*]
_____

PER CURIAM

André Jacobs appeals from an order of the United States District Court for the

Middle District of Pennsylvania, which dismissed his suit as a sanction for failing to

prosecute his civil rights complaint.  We will vacate the District Court's judgment and

remand for further proceedings.

Jacobs filed a lengthy complaint in the District Court against numerous

defendants.  Many defendants filed motions to dismiss.  Instead of responding to the

motions, Jacobs filed a motion to amend his complaint.  The District Court granted the

motion, giving Jacobs instructions about how to cure the deficiencies of his complaint,

i.e., to allege personal involvement of the defendants, include factual specifics, and

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

include only related claims and parties.[1]  Dkt. #76.  Jacobs filed an amended complaint, see Dkt. #83, that "was 218 pages in length, contained over 800 paragraphs, and named over 130 defendants . . . [with] incidents [that] occurred at multiple Pennsylvania state prisons between 2008 and 2010."  See Dist. Ct. Mem. Op., Dkt. #125 at 2.  The District Court granted the defendants' motions to strike the complaint as it was not compliant with the Court's previous order, and granted Jacobs twenty days in which to file a proper amended complaint.[2]  Upon Jacobs' request, the Court granted him an extension of time to file, but Jacobs then filed a notice stating that he was unable to file a complaint within that extended time.

Jacobs then asked the Court to divide his complaint into three separate complaints, and sent in a check for $710 to cover the costs.  Dkt. #107.  Jacobs next filed a motion to transfer, alleging that the District Court lacked jurisdiction because of the location of the prisons in his complaint.  Dkt. #110.  A few months later, he filed a proposed second amended complaint, see Dkt. #113, "consist[ing] of 59 pages and almost 800

---

[1] Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  And under Rule 20, a plaintiff may only join defendants in one action if he asserts a right to relief arising out of the same transaction or occurrence and "any question of law or fact common to all defendants will arise in the action."

[2] The District Court did not abuse its discretion in dismissing Jacobs' first amended complaint without prejudice for failure to comply with the Federal Rules.  See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

3

paragraphs." Dist. Ct. Mem. Op., Dkt. #125 at 6-7. The District Court declined to divide the complaint, noting that it was not the Court's responsibility to do so, and declined to transfer the complaint, as some of the prisons mentioned in the complaint were within the Middle District, and the complaint was in any event deficient. The Court then dismissed the matter after considering the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1994).

Jacobs filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's final decision dismissing Jacobs' complaint as a sanction. We review such a decision for abuse of discretion, keeping in mind that "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

To determine if the District Court abused its discretion, "we will be guided by the manner in which [it] balanced the following factors . . . and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868 (emphases omitted). We agree with the District Court that the first Poulis factor, which focuses on the extent of Jacobs' personal

4

responsibility, weighs against him, at least to some extent. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (pro se litigant is "solely responsible for the progress of his case"). We note, however, that because he was moved from prison to prison without access to his legal materials, he may not have had full control over the ability to timely comply with the Court's orders. The third factor (history of dilatoriness) also would have been affected by his transfers, so Jacobs cannot be completely faulted for any delay. The second factor, which focuses on prejudice to the adversary, weighs against Jacobs because the defendants were required to expend much time and expense to respond to the various iterations of his complaint. See Ware v. Rodale Press, Inc., 322 F.3d 218, 223 (3d Cir. 2003).

We find that the fourth factor is neutral. The record reflects that despite being given two opportunities and extra time, Jacobs did not comply with the District Court's orders. On the other hand, Jacobs persuasively argues that in his amended complaint he was just trying to do what the Court ordered – provide more detail and specifically link the various defendants to the various allegations. He also argues that all of the incidents are related because they all relate to his claim that the various defendants retaliated against him for winning a large verdict in a previous civil rights action.[3] As to the fifth factor, we generally have said that alternative sanctions are not available when the

---

[3] We do not necessarily find that all of the incidents in the complaint are properly brought in one complaint, but we consider Jacobs' argument in connection with determining whether his amended complaint was filed in bad faith.

5

plaintiff is pro se, see Briscoe, 538 F.3d at 262-63, but Jacobs argued that he was not indigent at the time, and the District Court could have considered monetary sanctions.[4]

The District Court found that the sixth factor, the merits of the case, could not be used to prevent the imposition of sanctions, as due to Jacobs' failure to file a compliant complaint, the merits of his complaint were "untested." This reasoning is circular, and our examination of the various complaints reveals some serious allegations that would survive a motion to dismiss. See Bull v. United Parcel Serv., Inc., 665 F.3d 68, 82 (3d Cir. 2012) ("Poulis directs the District Court to examine the merits of the underlying claim . . . . [T]he District Court abused its discretion in concluding that [the sixth] factor weighed in favor of dismissal because it did not even address the merits of [the plaintiff's] claim."). Although not all Poulis factors weigh in Jacobs' favor, we are mindful that dismissal is an extreme sanction. See Poulis, 747 F.2d at 867-68. Under the circumstances of this case, we conclude that the District Court's analysis and weighing of the Poulis factors was an abuse of discretion. We will thus vacate the District Court's judgment and remand for further proceedings.[5]

---

[4] A motion to proceed in forma pauperis filed several months ago in this Court in conjunction with an unsuccessful motion for appointment of counsel indicated a relatively modest balance in Jacobs' prison account. But the fact that he sent the District Court a check for $710 suggests that he could have paid a monetary sanction at the time the District Court dismissed his complaint.

[5] Jacobs' motion to file a supplemental reply brief is granted.

6

We direct the District Court to allow Jacobs one more opportunity to amend his complaint, and we encourage the Court to consider appointing counsel to assist Jacobs in doing so.[6]

---

[6] If the Court decides to pursue appointment of counsel under 28 U.S.C. § 1915(e)(1), it may wish to solicit an updated statement of account from Jacobs to determine if he financially qualifies for pro bono counsel.